ANDREWS v. HORTON.

(Supreme Court, Trial Term, Yates County. January 3, 1910.)

1. COURTS (§ 183*)—COUNTY COURT—JURISDICTION.

Where a vendee in possession brought suit against the vendor to recover a money judgment and to have the amount credited on the unpaid part of the price, the County Court had jurisdiction in so far as a money judgment was demanded, and hence had jurisdiction of a counterclaim by the vendor to recover possession for forfeiture of the contract and of any defense based on a claim on which the vendee could have maintained an action in the Supreme Court under Code Civ. Proc. § 348, providing that, where the County Court has jurisdiction, it possesses the same jurisdiction which the Supreme Court possesses in a like case and may grant any relief to either party which the Supreme Court might render or grant in a like case, and may enforce its mandates in the same manner.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 183.*]

2. VENDOR AND PURCHASER (§ 299*)—DEMANDS AVAILABLE—DEFENSES.

Where a vendee sued his vendor for damages for cutting hay and timber from the premises sold and to compel an indorsement of certain alleged payments on the sale contract, the vendor was entitled to plead as an affirmative defense and counterclaim that the contract was forfeited and demand possession of the premises, under Code Civ. Proc. §§ 501, 504, specifying the causes of action pleadable as a counterclaim, and providing for affirmative relief in such cases.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 299.*]

3. COURTS (§ 183*)—COUNTY COURT—JURISDICTION—POSSESSION OF REALTY.

Under Code Civ. Proc. § 340, providing that County Courts shall have jurisdiction of an action to procure a judgment requiring specific performance of a contract, relating to real property situated within the county, a County Court has original jurisdiction of an action to declare a forfeiture of a contract for the sale of realty within the county.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 183.*]

4. JUDGMENT (§ 725*)—PRIOR DETERMINATION—CONCLUSIVENESS.

Where, in a suit by a vendee against the vendor in a County Court, the vendor pleaded a forfeiture of the contract of sale as a counterclaim, and procured a judgment declaring a forfeiture and giving her possession, which the court had jurisdiction to render, such decree was conclu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sive and precluded her maintaining a subsequent action for the same re-
lief in the Supreme Court.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 725.*]

Action by Mary Andrews against Nelson · E. Horton to recover
possession of certain real property of which defendant was in posses-
sion under contract of sale from plaintiff, and for damages for with-
holding such possession. Dismissed.

Thomas Carmody, for plaintiff.

Huson & Lincoln, for defendant.

FOOTE, J. This cause was submitted upon the pleadings and
upon the judgment roll in the. former action brought by defendant
against plaintiff in the County Court of Yates county. By the judg-
ment of the County Court, plaintiff has been awarded the same re-
lief which she seeks by this action, namely, the recovery of the posses-
sion of the lands in question. Her counsel, being of opinion that the
County Court had no jurisdiction to render such a judgment, and
that, consequently, the same cannot be enforced by execution, has
brought this action for the same relief.

If the judgment of the County Court is one which that court had
jurisdiction to render and one that can be enforced by process issued
thereunder, then the complaint here must be dismissed.

The plaintiff was the owner of a farm situate in Yates county, and
on the 13th day of September, 1905, she entered into a contract in
writing with defendant for the sale of that farm to defendant for the
price of $600, $200 to be paid upon the execution of the contract, $100
on December . 1, 1905, and $100 on the first day of each December
thereafter until the whole was paid, with interest. The contract pro-
vided that defendant should have immediate possession of the prem-
ises, and also contained this provision:

"Should the party of the second-part (Horton) fail to make any of the pay-
ments as above provided, then the party of the first-part shall be entitled to
a surrender of this contract' and the possession of said premises upon repay-
ment to aid party of the second part of all sums paid by him upon the prin-
cipal sum hereof."

The defendant took possession of the farm upon the execution of this
contract, and paid the first payment of $200. In May, 1907, the de-
fendant · here brought the action in County Court, Yates county,
against the plaintiff here, which resulted in the judgment in question.
In his complaint he set out in full the above-mentioned contract, al-
leged the payment of the $200, the payment of $70 toward the $100 due
December 1, 1905, and the tender and refusal of the remaining $30
to complete such payment; that during the season of 1906 the plain-
tiff here and defendant there had cut and sold from said premises hay
to the value of $150, $100 of which he had requested to be applied upon
the payment due on said contract December 1, 1906, and the balance
paid to him, which had been refused; that during the year 1906 and
1907 the plaintiff here, without his knowledge or consent, and while
said contract was in full force, had cut and removed from said prem-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ises a quantity of standing timber of the value of $500, and to the damage and depreciation of said premises of an additional $250. The judgment demanded was that defendant there account to the plaintiff for the proceeds of the hay and for $750, the value of the timber and the damages to the premises from cutting the same, and that $100 thereof be applied on the contract for the payment due December 1, 1905, and $100 and interest for the payment due December 1, 1906, and for judgment for the balance.

The answer of the defendant there (plaintiff here) admitted her ownership of the real estate and the making of the contract for the sale thereof to Horton and the payment of the $200, and denied the other allegations of the complaint, except as afterwards specifically admitted. For a second, separate and affirmative answer, it was alleged that the plaintiff, Horton, had failed to perform said contract, except as to the payment of the $200, and that he was in default, by reason of which defendant, Andrews, prior to the commencement of the action, became entitled to the surrender of the possession of the premises, and that while plaintiff was in default he abandoned the premises by removing therefrom, failing and refusing to perform the necessary labor for the cultivation of the premises and preservation of the crops, and that the defendant Andrews took possession of the premises on or about May 15, 1906, by reason of such abandonment, and thereafter, on the 15th of August, 1906, cut the hay upon the premises to the value of $87, and on or about March 20, 1907, cut wood upon the premises to the value of not exceeding $53.60, and that said hay and wood were the property of the defendant Andrews. And for a counterclaim said answer alleged, repeating the prior allegations of the second answer in reference to the making of the agreement and the breach thereof, that plaintiff, Horton, became indebted to defendant, Andrews, in the sum of $100 due on the contract December 1, 1905, and $100 due December 1, 1906, and $25 for taxes, and for work, labor, and services performed upon the premises by reason of the abandonment thereof as aforesaid to the amount of $100, and for the sum of $35 for hay raised on the premises belonging to the defendant, Andrews, which plaintiff had had and received. The demand for judgment is: First, that the complaint be dismissed; and, second, for an affirmative judgment for $184.

To this answer a reply was made, putting in issue the allegation of the second, separate, and affirmative answer and also of the counterclaim.

A trial was had before the county judge of Yates county, a jury trial having been waived by the parties, whereupon the county judge made and filed his decision in writing in the form of findings, disposing of all the issues raised by the pleadings, by which he found, in substance, that the contract of sale was made, and that the plaintiff, Horton, entered in possession thereunder and paid the $200 payment, and had remained and continued and then was in possession, that the plaintiff, Horton, had failed and neglected to make certain payments on the contract when due, that in August, 1906, defendant, Andrews, wrongfully entered upon the premises and cut and removed hay, and on April 1, 1907, defendant, Andrews, tendered and offered to pay to plaintiff

the sum of $200 upon the rescission of the contract, which was refused, and that thereafter defendant, Andrews, entered upon the premises and cut and removed timber, thereby depreciating the value of the farm to the amount of $100. And, as conclusions of law: That plaintiff, Horton, had violated the contract by failing to make the payments of principal, interest, and taxes; that plaintiff Horton's refusal to accept the $200 was a waiver of a more technical legal tender; that defendant, Andrews, became entitled to the surrender of the contract and possession of the premises upon plaintiff's refusal to accept the repayment of the sum he had paid on the contract; that plaintiff, Horton, was indebted to defendant in the sum of $13.62 for taxes paid by defendant; and that defendant was indebted to plaintiff Horton, in the sum of $283.31, being for the $200 paid on the contract, and the amount received in excess of one-half the hay crop of 1905 and the value of the 1906 crop of hay wrongfully harvested by defendant.

The judgment directed is as follows:

"Judgment with costs to plaintiff should be entered awarding defendant possession of the premises and awarding plaintiff $272.92."

On this decision judgment was entered on the 22d day of July, 1909, which, after the formal recitals, is as follows:

"It is therefore adjudged and decreed, pursuant to said decision rendered in the above-entitled action, that the defendant is the owner and entitled to the immediate possession of the property mentioned and described in the complaint; the plaintiff having failed to perform the conditions of the contract of sale of said premises mentioned in the complaint, and the defendant having made a valid legal tender of the amount paid on said contract to her by the plaintiff, namely, the sum of $200. The following is a description of the premises."

Then follows a description of the premises and an adjudication that the plaintiff recover of the defendant the sum of $272.92, with $98.93 costs as taxed.

The present action was begun a few days after and on the 29th of July.

Whatever view may be taken of the prayer for relief in the complaint in the County Court action, so far as it seeks to require the application or indorsement of payments upon the contract, certainly the County Court had jurisdiction of that part of the plaintiff's claim on which a money judgment was demanded and so had jurisdiction of the action. It was competent for defendant to plead in her answer any defense or counterclaim which she had, whether it was one of which the County Court would have jurisdiction in case she had herself brought an action upon it in that court or not, for jurisdiction of the County Court, while limited as respects the actions which may be brought in that court by plaintiffs, is not restricted as respects the defense and counterclaims which may be interposed by a defendant in such an action. After jurisdiction of a cause of action has once been acquired, a County Court has, under section 348 of the Code of Civil Procedure, the same jurisdiction, power, and authority in and over the same which the Supreme Court has in a like case, and may render any judgment or grant either party any relief which the Supreme

Court might render or grant in a like case. Howard Iron Works v. Buffalo Elevating Co., 176 N. Y. 1, 68 N. E. 66.

It appearing therefore that the County Court acquired jurisdiction, it follows that it had the power to render the judgment which it did render in the case. The question of whether the contract for the sale of this farm had become terminated, and whether plaintiff here was entitled to possession, was necessarily involved in the case, and the learned County Judge could make no decision of the case without determining that question, because it was necessary to ascertain whether Horton was still indebted to plaintiff upon that contract for the payments which had become due and which he had not made. If the contract was not terminated so that the plaintiff was not entitled to possession, then plaintiff was liable to Horton for the amount of the timber cut and for such crops as plaintiff had harvested after the date when it is claimed defendant had made default in his payments.

The matters pleaded by defendant as a counterclaim and affirmative defense were well pleaded, and are clearly authorized under sections 501 and 504 of the Code. Furthermore, the judgment, so far as it adjudges the contract terminated and the plaintiff's right to possession of the premises upon such termination, can be upheld as an adjudication which the County Court had original jurisdiction to make, for by section 340 of the Code it has jurisdiction of an action "to procure a judgment requiring a specific performance of a contract relating to real property, where the real property to which the action relates is situated within the county." The contract provided that, if Horton failed to make any of the payments therein provided, "then the party of the first part shall be entitled to the surrender of this contract and the possession of said premises upon repayment to said party of the second part of all sums paid by him on the principal sum hereof."

The judgment in this case directs, in substance, a specific performance of that clause of the contract, and such a judgment the County Court had power to render and enforce in favor of a plaintiff, and hence it might properly be done in favor of a defendant, where, as in this case, it became necessary for the County Court to determine whether the contract had, in fact, been terminated, and whether the defendant was, in fact, entitled to possession.

The County Court judgment being valid, it may lawfully be enforced by execution, and to that remedy the plaintiff should be remitted. It is true that no affirmative judgment for possession of these premises was demanded in the answer, but this circumstance does not render the judgment of the County Court in that respect void. At most, it would be an irregularity.

It follows that the plaintiff cannot maintain the present action for the same relief, and that plaintiff's complaint must be dismissed, with costs.